IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOHN DOE, | : |
|     Plaintiff, | :   Civil Action Number:  CV 221-071 |
| V. | : |
| MERRICK B. GARLAND in his official capacity as the Attorney General for the DEPARTMENT OF JUSTICE, and MICHAEL CARVAJAL in his official capacity as the Director of the FEDERAL BUREAU OF PRISONS, | : : : **Jury Trial Demanded** : : |
|     Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND TO FILE PERSONALLY IDENTIFYING INFORMATION UNDER SEAL**

Plaintiff John Doe moves for leave to proceed under a pseudonym and to seal or redact personally identifying information filed in this matter. In support of this motion, Plaintiff states as follows:

Fed. R.Civ.P. 10(a) requires that a complaint include the names of all parties and Fed.R. Civ P. 17(a) provides that an action must be prosecuted in the name of the real party in interest. The Eleventh Circuit has recognized that parties can proceed anonymously "where a plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Pierce Cty*, 2019 U.S. Dist LEXIS 73436, *11-*12, 2019 WL 1937577, Civil Action File No. 5:19-cv-0005 (S.D. GA May 1,

1

2019), *citing Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001).

The Plaintiff in this case brings this action against his former employer, the Federal Bureau of Prisons, a division of the Department of Justice, alleging that he was the victim of discrimination based on his disability (PTSD, Major Depressive Disorder and suicidal ideation or Suicidal Behavior Disorder) and that Defendants interfered with his rights under the Rehabilitation Act.  Plaintiff also contends that the Defendants violated the Rehabilitation Act by making inappropriate disability-related inquiries regarding Plaintiff and by failing to keep his disability-related information confidential.

In his Complaint, Plaintiff contends that Defendants' disability-related inquiries and disclosures to friends, family and current and former coworkers that he was depressed, suicidal and that he might have been confined in a psychiatric facility resulted in emotional trauma, especially as he had worked for Defendant BOP for over ten (10) years and his supervisors and co-workers were unaware of his diagnosis and treatment for suicidal ideation or Suicidal Behavior Disorder and he had chosen not to disclose his hospitalization in a mental facility for a perceived risk of self-harm to his family and friends.  Complaint ¶ 5 (10 years), ¶¶19-20, 58-60, 69 (choice not to disclose suicidal ideation), ¶¶33-34, 37, 40-41,44-45 (inquiries and disclosures by Defendants), ¶¶ 48-49 (anxiety, anger embarrassment,

depression, worsening of symptoms). Defendants' inquiries and disclosures of confidential medical information that Plaintiff chose to keep private caused him anxiety, anger, embarrassment and depression and caused him to avoid interactions with others. Complaint ¶48. Plaintiff's treating psychiatrist and therapist have expressed the view that Defendants' inquiries and disclosures exacerbated Plaintiff's symptoms. Complaint ¶49.

If Plaintiff were required to disclose his name in this lawsuit, he would once again be traumatized by the knowledge that his confidential mental health information would be made public and, moreover, would be made part of a permanent public record that would follow him forever.

Several federal courts that have examined similar situations have acknowledged that a private litigant with a mental health disability may be allowed to file suit under a pseudonym due to the stigma associated with mental health diagnoses. *See e.g. Doe v. Frank,* 951 F.2d 320, 324 (11th Cir. 1992) ("Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness. *Doe v. Colautti,* 592 F.2d 704 (3d Cir.1979) … In these cases, the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings.") In *Doe v. Colautti,* 592 F.2d 704 (3d Cir.1979) the Court allowed a Plaintiff, who brought suit to obtain payment for

treatment in a private mental health institution after he attempted suicide, to proceed anonymously.

In *Doe v. Standard Ins. Co.*, No. 1:15-cv-00105-GZS, 2015 U.S. Dist. LEXIS 134474, at *3-4 (D. Me. Oct. 2, 2015) the Court explained its decision to allow the Plaintiff to proceed under a pseudonym as follows:

> "[C]ourts have recognized mental illness as a legitimate basis for permitting a party to proceed under a pseudonym. In authorizing the plaintiff to proceed under a pseudonym, the court in *Doe v. Provident Life and Accident Insurance Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997), specifically cited the interest in "preventing the stigmatization of litigants with mental illness" among the bases for its decision. Similarly, where a plaintiff sought to recover disability benefits for a mental illness, the court in *Doe v. Hartford Life and Accident Insurance Co.*, 237 F.R.D. 545, 550 (D. N.J. 2006), noted that the public interest in ensuring that the "rights of mental illness sufferers are represented fairly and without the risk of stigmatization .... cannot be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public." Consistent with this view, this Court has previously permitted plaintiffs to proceed under pseudonyms for several valid reasons, including where the plaintiff's mental health was a principal issue in the case. *See, e.g., E. v. Anthem Blue Cross and Blue Shield,* No. 2:15-cv-00001-DBH, 2015 U.S. Dist. LEXIS 103592 ; *Doe v. Att'y Gen.*, No. 1:08-cv-00230-JAW.

In the Eleventh Circuit, "Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" *Doe v. Neverson*, 820 F. App'x 984, 986-87 (11th Cir. 2020), *quoting, In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 2020 U.S. App. LEXIS 22441, 2020 WL 4013070, at *5 n.5 (11th Cir. July 16, 2020). The first step in this analysis is to

4

consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* "Along with these factors, a court 'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns [including] whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Id., quoting Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

In this case, Plaintiff is challenging the actions of Defendant Agencies in making inquiries and disclosures regarding his location, depression, risk of self-harm and probable confinement in a psychiatric institute that Plaintiff contends were contrary to Agency policy and contrary to his right to privacy under the Rehabilitation Act. Allowing him anonymity would not pose a threat of fundamental unfairness to Defendants, who know of Plaintiff's identity through the confidential federal EEO process and can access all relevant medical information subject to usual and appropriate protective orders. Absent anonymity, Plaintiff would be compelled to publicly disclose the very information regarding his mental health disabilities that caused the damages he seeks to remedy with his Complaint.

This case - which has at its core the social stigma attached to the

Defendants' inquiries and disclosures regarding Plaintiff's mental illness-- is one in which it is particularly appropriate to allow the Plaintiff to proceed under a pseudonym. Plaintiff respectfully requests the Court grant his motion to do so.

Submitted, this 30th day of July, 2021.

/s/ Lisa B. Golan
Georgia Bar No. 065157

Lisa B. Golan, Attorney at Law
3259C Peachtree Corners Circle
Peachtree Corners, GA 30092
Telephone: (770) 409-7922
lbgolan@golanlawoffice.com

Attorney for Plaintiff John Doe