IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>v.<br><br>MERRICK B. GARLAND, in his official capacity as the Attorney General for the Department of Justice; and MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons,<br><br>  Defendants. | CIVIL ACTION NO.: 2:21-cv-71 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Proceed Under a Pseudonym and File Personally Identifying Information Under Seal. Docs. 4, 7. Defendants filed a Response, opposing in part Plaintiff's Motion. Doc. 11. For the reasons explained below, the Court **DENIES** Plaintiff's Motion to Proceed Under a Pseudonym and File Personally Identifying Information Under Seal.

**I.     Legal Standard**

Federal Rule of Civil Procedure 10(a) requires that "the title of the complaint must name all of the parties." Fed. R. Civ. P. 10(a). "'Generally, parties to a lawsuit must identify themselves in their respective pleadings." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (citing S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir. 1979)). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all the facts involved, including the identities of the

parties." Id. (citing Doe v. Rostker, 89 F.R.D. 158, 160 (N.D. Cal. 1981); and Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974)).  Thus, "[t]his [rule] creates a strong presumption in favor of parties proceeding in their own names."  Plaintiff B. v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011).  However, plaintiffs can overcome this presumption and may proceed anonymously if the court determines "plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) (quoting Frank, 951 F.2d at 323).

The Eleventh Circuit Court of Appeals has identified several factors that may be considered in this evaluation: (1) whether plaintiffs seeking anonymity are challenging governmental activity; (2) whether they will be required to disclose information of the utmost intimacy; (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; (4) whether the plaintiffs were minors; (5) whether they were threatened with violence or physical harm by proceeding in their own names and; (6) whether their anonymity posed a unique threat of fundamental unfairness to the defendant. Francis, 631 F.3d at 1316.  The factors receive considerable weight but are not exclusive; a court should review all circumstances in each case and "then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."  Id. (citations omitted).

When a plaintiff requests anonymity based on "utmost privacy[,] . . . the case generally involves 'abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases.'"  Does v. Family Dollar Stores, Inc., No. 1:07-cv-1262, 2007 WL 9706836, at *2 (N.D. Ga. Oct. 17, 2007) (quoting Doe v. Bell Atl. Bus. Sys. Services,

Inc., 162 F.R.D. 418, 420 (D. Mass. 1995)). "The risk that a plaintiff may suffer some embarrassment is not enough." Frank, 951 F.2d at 324; see also Family Dollar Stores, 2007 WL 9706836 at *2 (denying motion to proceed anonymously where plaintiff argued he would be required "to reveal intimate and traumatic details" that would "embarrass and humiliate him").

II.     **Analysis**

Plaintiff has not established his privacy right is substantial enough to outweigh the constitutionally embedded presumption of openness in judicial proceedings.[1] Plaintiff does not allege circumstances of such a highly personal and private nature that would surpass risk of embarrassment and, thus, constitute "utmost privacy" and does not provide any allegations of "real danger of physical harm" to him that would weigh in favor of granting his request for anonymity. See Ord., Doe v. Pierce County, No. 5:19-cv-5 (S.D. Ga Aug. 5, 2019), ECF No. 38, p. 10 (citing Family Dollar Stores, 2007 WL 9706836, at *2; and Frank, 951 F.2d at 322).

Considering the factors set forth in Francis, the third, fourth, and fifth factors—which would favor anonymity—are not present here. Plaintiff is not a minor. Plaintiff is bringing a suit against Defendants based on his employers allegedly violating the Rehabilitation Act and "by making inappropriate disability related inquiries regarding Plaintiff and by failing to keep his disability-related information confidential." Doc. 4 at 2. Thus, there are no criminal charges even potentially at issue. And, Plaintiff has not argued he has been or will be threatened with violence or physical harm by proceeding under his own name.

In relation to the first factor, this is technically a case challenging governmental activity, as Defendants in this case are government agencies and the suit involves their actions while

---

[1] Defendants do not directly oppose this portion of Plaintiff's Motion. See Doc. 11 at 1 (stating Defendants take "no position" on the matter). Nonetheless, the Court still finds it appropriate to deny Plaintiff's request for the reasons set forth herein.

Plaintiff was employed by the government. <u>See generally</u> Doc. 1. But the allegations are more akin to a traditional discrimination suit and would largely be the same whether Plaintiff's employer were a private entity rather than a government entity. Further, the Eleventh Circuit has indicated this factor alone is not particularly persuasive, let alone dispositive. <u>See</u> <u>Frank</u>, 951 F.2d at 323–24 ("[O]ur prior case law] does not stand . . . for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government."). Thus, while this factor cuts in slightly favor of anonymity, it does so only minimally when considering the nature of the governmental action challenged.

As to the second factor, disclosure of information of the utmost intimacy, Plaintiff alleges he should be permitted to proceed anonymously because of the sensitive nature of his claims, which involve allegations about his mental health and mental health treatment. Doc. 4 at 5–6. Generally, the fact information about a litigant's mental health may be revealed, without more, does not permit a party to proceed anonymously. <u>See</u> <u>Doe v. Goldman</u>, 169 F.R.D. 138, 141 (D. Nev. 1996) (holding there was "no risk of stigma sufficient to overcome the presumption against proceeding under a fictitious name" where a police officer moved to proceed anonymously based on potential stigma from allegations he tried to commit suicide); <u>Doe v. Univ. of Miami (Miller Sch. of Med.)</u>, No. 12-23933-CIV, 2012 WL 12960871, at *2 (S.D. Fla. Nov. 28, 2012) (denying a motion to proceed under pseudonym based on plaintiff's Attention Deficit-Hyperactivity Disorder ("ADHD")); <u>Doe v. UNUM Life Ins. Co. of Am.</u>, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (denying motion to proceed anonymously filed by a plaintiff who was a prominent lawyer suffering from an anxiety disorder); <u>Doe v. Berkshire Life Ins. Co. of Am.</u>, No. 20-cv-1033, 2020 3429152, at *2 (D. Col. June 23, 2020) (denying motion to

proceed using pseudonym where the request was based on potential embarrassment due to plaintiff's post-traumatic stress disorder ("PTSD")).

Similar to the cases cited above, Plaintiff complains his mental health history alone would be stigmatizing and potentially embarrassing. However, Plaintiff's contention regarding his mental health history are largely conclusory and generalized. Plaintiff does not provide any evidence of social stigma or specifically describe how knowledge of his mental health would adversely affect him besides feelings of embarrassment. Put simply, Plaintiff's allegations and reasoning are insufficient. As the Frank court explained, "[S]ome personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." 951 F.2d at 324 (denying plaintiff permission to proceed under a pseudonym sought due to his alcoholism).

Finally, as to the sixth factor, whether anonymity would pose a unique threat of fundamental unfairness to Defendant, Plaintiff argues this factor weighs in favor of anonymity. Doc. 4 at 5. Plaintiff explains Defendants are already aware of his identity because of the Equal Employment Opportunity Commission ("EEOC") proceedings that occurred prior to Plaintiff filing suit. Id. The Court agrees; the EEOC proceedings mitigate any unfairness posed to Defendants if Plaintiff were to proceed under a pseudonym.

After considering the factors described in Francis, the Court finds these factors do not weigh in favor of allowing Plaintiff to proceed under a pseudonym. The Court does not doubt the sincerity of Plaintiff's concerns and is sympathetic to the position Plaintiff finds himself in—revealing details about his mental health in order to pursue his claims. But this is an often inevitable consequence of bringing a lawsuit in a system like ours which favors openness and public access in judicial proceedings. As a result, the Court finds this case does not present an

"exceptional circumstance" justifying Plaintiff's anonymity in the case. Accordingly, the Court **DENIES** Plaintiff's Motion. Doc. 4.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion is **DENIED**. Plaintiff is **ORDERED** to file his Amended Complaint with his full name within seven days of this Order. Further, to the extent Plaintiff wishes to file documents under seal, he is permitted to do so in accordance with the Court's Local Rules and other applicable rules and law.[2] However, the Court will not enter a blanket protective Order at this time.

**SO ORDERED**, this 18th day of October, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Defendants oppose any request by Plaintiff to automatically seal or redact all documents. Doc. 11 at 1–2. Instead, they argue the Court's Local Rules and the Federal Rules of Civil Procedure already provide appropriate procedures for the sealing and redaction of documents. Id.